b

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

CRAIG JALBERT O/B/O                    CIVIL DOCKET NO. 1:19-CV-01069
GERMAN PELLETS
LOUISIANA, L.L.C., et al.,
Plaintiffs

VERSUS                                 JUDGE SUMMERHAYS

PETER LEIBOLD, et al.,
Defendants                             MAGISTRATE JUDGE PEREZ-MONTES

---

### MEMORANDUM ORDER

Before the Court are a Motion to Remand (ECF No. 20) filed by liquidating trustee Craig Jalbert ("the Trustee") and a Motion to Sever (ECF No. 35) filed by Raymond James and Associates, Daniel Sattar, and George Longo (collectively the "RJA Defendants"). Because removal was defective and there is not complete diversity, the Trustee's Motion to Remand (ECF No. 20) should be GRANTED. Because, the Fifth Circuit has not adopted the Eleventh Circuit's "egregious misjoinder" theory, and neither the claims nor the parties should be severed, the RJA Defendants' Motion to Sever (ECF No. 35) should be DENIED.

I.    Background

Plaintiff Craig Jalbert, the Chapter 11 liquidating trustee (the "Trustee") for German Pellets Louisiana, L.L.C. ("GPLA") and Louisiana Pellets, Inc. ("LP"), filed a petition for damages and injunctive relief in the 28th Louisiana Judicial District Court in LaSalle Parish. ECF No. 1-1 at 1. The defendants named in the original complaint are Peter Leibold, Anna Kathrin Leibold, Michael Leibold, Meranda

Hyman, German Pellets GmbH ("GP GmbH") (parent company of GPLA and German Pellets Holding), and VOV GmbH ("VOV") (issued a director and officer insurance policy for GPLA and LP) (collectively "the Leibold Defendants").[1]

GPLA and LP defaulted on their obligations to their bond holders in 2016 and filed voluntary petitions for Chapter 11 relief in the United States Bankruptcy Court for the Western District of Louisiana. Jalbert was named their Trustee in a confirmed joint chapter 11 plan of liquidation. ECF No. 41-2. *See also Jalbert v. Leibold, et al.,* No. 1:18-CV-00788 (W.D. La.) (ECF 1-4 at 23). At the same time, their parent company, GP GmbH filed for bankruptcy protection in Germany. ECF No. 1-1.

The Trustee filed a post-confirmation complaint in a Louisiana state court, seeking monetary damages and alleging Defendants breached their fiduciary duties by transferring millions of dollars from LP and GPLA to GP GmbH for no consideration. ECF No. 1-1 at 1. The Trustee alleges Defendants moved the money from the LP and GPLA accounts to accounts beyond the reach of creditors and bondholders in the United States. ECF No. 1-1 at 5-6.

Hyman answered the petition and made a reconventional demand and cross-claim against the Trustee, the Leibolds, GP GmbH, and VOV, alleging she was fraudulently named as a Defendant.[2] ECF No 1-1 at 18.

---

[1] The Leibolds and Hyman are four former officers and directors of LP and GPLA (Hyman was the most senior accountant). VOV is an insurance association based in Cologne, Germany. VOV represents the six underwriters that provided "officer and director coverage" for policyholder GP GmbH and its subsidiaries, LP and GPLA. *See Jalbert v. Leibold, et al.*, No. 18-CV-00788 (W.D. La.) (ECF No. 1-2 at 2-3, 30-33).

[2] Hyman is alleged to have been the Chief Accounting Officer for GPLA and LP in Louisiana. ECF No. 1-1 at 4. Hyman alleges she was fraudulently named as a Defendant because she

In 2018, VOV removed alleging federal jurisdiction pursuant to: (1) 9 U.S.C. § 203 and § 205, because this matter relates to an arbitration agreement falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, 21 U.S.T. § 2517, T.I.A.S. § 6997, 330 U.N.T.S. § 3 (9 U.S.C. §§ 201, et seq.); (2) 28 U.S.C. § 1334, because this case is "related to" a case under title 11; and (3) 28 U.S.C. § 1332, because there is diversity in citizenship since Defendant Hyman–a Louisiana citizen–was misjoined. Jalbert filed a Motion to Remand that was granted for lack of jurisdiction. The Court found that Defendant Hyman was not misjoined and her consent had not been obtained. *See Jalbert v. Leibold,* 2019 WL 1025213 (W.D. La. 2019), *recommendation adopted*, 2019 WL 1007276 (W.D. La. 2019). The Court further held this case did not "relate to" the arbitration agreement, and that this Court must abstain pursuant to 28 U.S.C. § 1334(c)(2).[3]

On remand to the state court, Jalbert filed an amended petition as assignee of claims of non-party bondholders (who purchased bonds issued to finance the construction of the Urania facility) to add new claims against new Defendants: Raymond James and Associates (A Florida corporation with its principal place of business in Florida), Daniel Sattar (a Raymond James broker and a citizen of New York and/or Minnesota), and George Longo (a Raymond James managing director

---

was not an officer, director, or shareholder in GPLA and had no discretionary authority to pay invoices. ECF No. 1-1 at 24.

[3] The Court found this case had no independent basis for federal jurisdiction, is a non-core proceedings (related to a case under Title 11 but did not arise under or in a case under Title 11), was commenced in state court, and could be adjudicated timely in state court. *See Jalbert*, 2019 WL 1007276 at 1-2.

and bond salesman and a citizen of Colorado) (collectively the "RJA Defendants"). ECF No. 101 at 87. The Trustee also added Defendant Continentale Sachversicherung AG ("Continentale") as the lead insurer on the VOV Policy, and German Pellets Holding USA, Inc. ("GPH"). ECF No. 1-1 at 93. In addition, the Trustee explained that GP GmbH had not been served, is in receivership in Germany, and is *not* a defendant.[4]   ECF No. 1-1 at 91.

The Trustee alleges: (1) the Leibolds breached their fiduciary duties as officers, directors, members, or key personnel of GPLA and LP; (2) the Leibolds and Hyman committed negligence and gross negligence in managing GPLA and LP; (3) the Leibolds, Hyman, and GPH committed waste and conversion of the assets of GPLA and LP; (4) GPH breached its fiduciary duty as the sole member and manager of GPLA; and (5) Continentale is liable to the Trustee as lead insurer on the VOV policy. The Trustee seeks monetary damages against the Leibolds, Hyman, Continentale, and GPH, jointly and *in solido.*  The Trustee also seeks injunctive relief to preclude Continentale from paying its policy limits to German Pellet's parent's receiver, to the detriment of LP's and GPLA's creditors.

The Trustee alleges the RJA Defendants: (1) violated the Louisiana Securities Act, La. R.S. 51:712(A)(2), through misrepresentations and omissions made in the sale of bonds to finance the Leibold Defendants' Louisiana pellet factory; (2) conspired to defraud GPLA, LP, and bondholders in violation of La. C.C. art. 2324(A); and (3)

---

[4] Because GP GmbH has not been served and the Trustee stated in his First Amended Petition (ECF No. 1-1 at 91) that the complaint against GP GmbH should be dismissed because it was in receivership in Germany, it will be recommended that the Trustee's action against GP GmbH be dismissed without prejudice.

alternatively, violated the Florida Securities and Investor Protection Act, F.S.A. § 517.211, § 517.301. The Trustee seeks monetary damages against the RJA Defendants jointly and *in solido*.

The RJA Defendants removed alleging diversity jurisdiction and misjoinder. ECF No. 1. Jalbert filed a Motion to Remand (ECF Nos. 20, 38) that the RJA Defendants oppose (ECF Nos. 34, 41). The RJA Defendants also filed a Motion to Sever Claims (ECF Nos. 35, 43), which the Trustee opposes (ECF No. 42).

The RJA Defendants filed a Motion to Dismiss (ECF No. 27) that was stayed (ECF No. 39).[5] That motion is pending before the District Judge.

In their Notice of Removal (ECF No. 1), and Motion to Sever (ECF No. 35) the RJA Defendants contend the claims against them are new claims, different from the claims against the other Defendants, which restarted the limitation period for removal. The RJA Defendants further contend the claim against them are "egregiously misjoined" with the claims against the other Defendants and must be severed, thereby eliminating any defects in removal due to non-diverse defendants and lack of consent from the other Defendants. ECF Nos. 1, 34, 35.

In his Motion to Remand, the Trustee argues the removal was defective because: (1) because Defendant Hyman is a Louisiana resident who was properly joined and served and did not consent to removal; (2) the other Defendants did not consent to removal; and (3) the removal was untimely. ECF No. 20. The Trustee also argues the claims against the RJA Defendants are not misjoined. ECF No. 20, 38.

---

[5] The entire case was inadvertently stayed until March 2, 2020.

## II.  Law and Analysis

Federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation.  *See Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).  There is a presumption against subject matter jurisdiction, which must be rebutted by the party bringing an action to federal court. *See Coury*, 85 F.3d at 248.  The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists.  *See Aetna Casualty & Surety Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986).

### A.  The Trustee's Motion to Remand should be granted.

#### 1.  Removal was not untimely.

Jalbert argues removal by the RJA Defendants was untimely.

The notice of removal of a civil action or proceeding must be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever is shorter.  *See* 28 U.S.C. § 1446(b)(1); *Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298, 302–03 (5th Cir. 2014).

28 U.S.C. § 1446(b) states:

(b) Requirements; generally.—

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based,

or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

(2)     (A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

(B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

(C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

(3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

The Fifth Circuit has explained that § 1446(b), read as a whole, provides two steps for determining whether a defendant timely removed a case. The first paragraph provides that if the case stated by the initial pleading is removable, then notice of removal must be filed within 30 days from the receipt of the initial pleading by the defendant; and the second paragraph provides, if the case stated by the initial pleading is not removable, then notice of removal must be filed within 30 days from the receipt of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the case is removable.  *See Chapman v. Powermatic,*

7

*Inc.,* 969 F.3d 160, 161(5th Cir. 1992); *see also Thompson v. Deutsche Bank Nat. Trust Co.,* 775 F.3d 298, 302–03 (5th Cir. 2014); 28 U.S.C. § 1446(b)(3).

In this case, the RJA Defendants were added as defendants on June 19, 2019 (ECF No. 1-1 at 87) and served on July 17, 2019 (ECF No. 1-1 at 136).[6]  They removed on August 15, 2019 (ECF No. 1).  Because removal was within 30 days of service, it was timely.

### 2.    There was not complete diversity at the time of removal.

The Trustee also contends removal was defective because the parties are not completely diverse.  Defendant Hyman is a Louisiana resident who has been served and has not consented to removal.  As discussed above, Defendants asked to have the claims against all other Defendants severed from the claims against them.

Pursuant to 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  In the Fifth Circuit, all served defendants must join in the petition for removal within 30 days of service on the first defendant, and if consent of all served defendants is not timely obtained, the removal is procedurally defective.[7]  *See Doe v. Kerwood,* 969 F.2d 165, 167, 169 (5th Cir. 1992);

---

[6] Raymond James and Associates was served in July 2019.  It is not clear when Sattar and Longo were serve d.  Together they removed the case.

[7] A defendant is free to amend a notice of removal within the 30 day period, but once that 30 day period has expired, amendment is not available to cure a substantive defect in removal proceedings.  *See Moody v. Commercial Insurance Co. of Newark, N.J.,* 753 F. Supp. 198, 201–02 (N.D. Tex. 1990); *see also Moreno Energy, Inc. v. Marathon Oil Co.,* 884 F. Supp. 2d 577, 582 (S.D. Tex. 2012).

*see also Ortiz v. Young*, 431 Fed. Appx. 306, 307 (5th Cir. 2011). This "rule of unanimity" requires that there be "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action"; each defendant does not need to sign the notice of removal to effect removal. *See Getty Oil Corp. v. Insurance Company of North America,* 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988); *see also Moreno Energy, Inc.*, 884 F. Supp. 2d at 582–83. There need only be some timely filed written indication from each defendant or from someone purporting to represent that defendant formally. *See Getty Oil Corp.,* 841 F.2d at 1262 n. 11; *Moreno Energy, Inc.*, 884 F. Supp. 2d 582.

There are three well-recognized exceptions to the rule that all defendants must join in the removal petitions to effect removal: (1) where the defendant was not yet served with process at the time the removal petition was filed; (2) where a defendant is merely a nominal, unnecessary or formal party-defendant; and (3) where the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c). *See Ashford v. Aeroframe Services, L.L.C.*, 2015 WL 2089994, *3 (W.D. La. 2015) (*citing Jones v. Houston Independent School District*, 979 F.2d 1004, 1007 (5th Cir. 1992)); *see also Moreno Energy, Inc.,* 884 F. Supp. 2d at 582; *Moody,* 753 F. Supp. 198, 200 (N.D. Tex. 1990).

As previously discussed in *Jalbert v. Leibold, et al.*, No. 1:18-CV-00788 (W.D. La.) (ECF Nos. 38, 42), Hyman is properly joined. Therefore, this Court lacks diversity jurisdiction.[8]

### 3.  The removal is also defective for lack of consent.

Jalbert further argues the removal is defective because the other Defendants did not consent to removal. Pursuant to 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." In the Fifth Circuit, all served defendants must join in the petition for removal within 30 days of service on the first defendant, and if consent of all served defendants is not timely obtained, the removal is procedurally defective.[9] *See Doe v. Kerwood,* 969 F.2d 165, 167, 169 (5th Cir. 1992); *see also Ortiz v. Young*, 431 Fed. Appx. 306, 307 (5th Cir. 2011), cert. den., 565 U.S. 1234 (2012). This "rule of unanimity" requires that there be "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action"; each defendant does not need to sign the notice of removal to effect removal. *See Getty Oil Corp. v. Insurance Company of North America,* 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988); *see*

---

[8] GP GmbH also did not consent to removal, but there is no record evidence that GP GmbH was ever served.

[9] A defendant is free to amend a notice of removal within the 30 day period, but once that 30 day period has expired, amendment is not available to cure a substantive defect in removal proceedings. *See Moody v. Commercial Insurance Co. of Newark, N.J.,* 753 F. Supp. 198, 201–02 (N.D. Tex. 1990); *see also Moreno Energy, Inc.*, 884 F. Supp. 2d at 582.

*also Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015); *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir.2007); *Moreno Energy, Inc.*, 884 F. Supp. 2d at 582–83. There need only be some timely filed written indication from each defendant or from someone purporting to represent that defendant formally. *See Getty Oil Corp.*, 841 F.2d at 1262 n. 11; *Moreno Energy, Inc.*, 884 F. Supp. 2d at 582.

Because there is no consent to removal from the other Defendants in the record, the removal was efective.

**B.** **Defendants' Motion to Sever should be denied.**

**1.** **The Defendants and claims are properly joined under Rule 20.**

The RJA Defendants contend they were joined in this action by "egregious misjoinder" and must be severed. They argue the claims against them—for alleged violations of the Louisiana Securities Act and the Florida Securities and Investor Protection Act—are new and distinct from the claims of corporate mismanagement and fraud made against the other Defendants. ECF No. 34. In support of their argument for severance due to "egregious misjoinder," the RJA Defendants cite *Tapscott v. MS Dealer Services Corp.*, 77 F.3d 1353 (11th Cir. 1996). ECF No. 36.

Rule 21 of the Federal Rules of Civil Procedure states that "Misjoinder of parties is not a ground for dismissing an action." Further, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. *See Parker v. Louisiana Dept. of Public Safety and Corrections*, 2019 WL 5103811 at *2 (M.D. La. 2019).

"The Fifth Circuit has explained 'Rule 21 does not provide any standards by which district courts can determine if parties are misjoined[;] courts have looked to Rule 20 [Permissive Joinder of Parties] for guidance.'" *Parker*, 2019 WL 5103811 at *2 (quoting *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010)). Rule 20(a)(2) provides:

> Persons ... may be joined in one action as defendants if:
>
> (A) any right to relief asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Rule 20(a)(3) further provides:

> Neither a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded. The court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities.

Therefore, "Courts have described Rule 20 as creating a two-prong test, allowing joinder of [parties] when (1) their claims arise out of the [same] 'transaction, occurrence, or series of transactions or occurrences' and when (2) there is at least one common question of law or fact linking all claims." *Parker*, 2019 WL 5103811 at *2 (quoting *Acevedo*, 600 F.3d at 521). The Fifth Circuit found "as long as both prongs of the test are met, 'permissive joinder of [parties] ... is at the option of the [parties].'" *Id.* (quoting *Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d 571, 574 n.11 (5th Cir. 1995)).

"When applying the two-prong test, the Court considers whether there is a logical relationship between the claims and whether there is any overlapping proof

12

or legal question." *Parker*, 2019 WL 5103811 at *2 (quoting *Peters v. Singh*, 2017 WL 5128750, at *2 (M.D. La. 2017).    Additionally, "[t]he Court must also consider whether settlement or judicial economy would be promoted, whether prejudice would be averted by severance, and whether different witnesses and documentary proof are required for separate claims." *Id.*    Thus, "even if this [two-part] test is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Parker*, 2019 WL 5103811 at *2 (quoting *Acevedo*, 600 F.3d at 521). "[D]istrict courts have considerable discretion to deny joinder when it would not facilitate judicial economy and when different witnesses and documentary proof would be required for plaintiff['s] claims." *Id.* at 522; *see also In re Rolls Royce Corp.*, 775 F.3d 671, 680 (5th Cir. 2014) , cert. den., 136 S. Ct. 45 (U.S. 2015) (A district court has wide discretion to sever a claim against a party into separate cases, in vindication of public and private factors.). "Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966); *see also Acevedo*, 600 F.3d at 521; *Har-Pen Truck Lines, Inc. v. Mills*, 378 F.2d 705, 709 (5th Cir. 1967).

District courts in this Circuit have considered five factors to determine whether severance is appropriate:

> (1) whether the claim arose out of the same transaction or occurrence;
> (2) whether the claims present common questions of law or fact;
> (3) whether settlement or judicial economy would be promoted;
> (4) whether prejudice would be averted by severance; and

(5) whether different witnesses and documentary proof are required for separate claims.

*Parker*, 2019 WL 5103811 at *2 (quoting *Melancon v. Town of Sorrento*, 2015 WL 410866, at *5 (M.D. La. 2015) (citing *E. Cornell Malone Corp. v. Sisters of the Holy Family, St. Mary's Academy of the Holy Family*, 922 F. Supp. 2d 550, 561 (E.D. La. 2013)); *see also In re Rolls Royce Corp.*, 775 F.3d at 680 n.40 (in *dicta*, Fifth Circuit citing with approval the five-factor test but noting it had not been formally adopted by the Court.). "Courts in this circuit have balanced these factors on a case-by-case basis to determine if severance is appropriate." *Parker*, 2019 WL 5103811 at *2 (quoting *Gilmore v. Office of Alcohol & Tobacco Control of the Louisiana Dep't of Revenue*, 2015 WL 5680370, at *1 (M.D. La. 2015); *see also Melancon*, 2015 WL 410866 at *5 n.3 ("The fourth factor is neutral in this case, leaving four out of the five factors weighing in favor of severance."); *Broyles v. Cantor Fitzgerald & Co.*, 2015 WL 500876, at *3-4 (M.D. La. 2015) (finding most convincing the defendants' arguments that the fifth factor weighed against severance of two consolidated matters.)

First, the Court must consider whether there is "any right to relief asserted against [defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transaction or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Plaintiff's claims against the Leibold Defendants and the RJA Defendants stem from the same transaction or occurrence – the financing and management of LP.

Second, the Court finds that there are common questions of fact linking all claims, as to what took place in the financing and management of the Urania facility,

14

leading to the bankruptcy of LP and GPLA.  *Compare Parker*, 2019 WL 5103811 at *5 (denying a motion to sever claims against the warden, prison management company, and the Louisiana Department of Corrections for over-detention/mis-calculation of his sentence from claims against those Defendants for failure to address his Inmate Release Forms properly, despite the differences in each Defendant's responsibility).  The facts alleged in this case are common to all Defendants because they relate a scheme to defraud investors that was allegedly carried out by all the named Defendants.  Therefore, Plaintiff meets the second test for joinder of parties, also.

Moreover, judicial economy would be best promoted by allowing all of the Trustee's claims to proceed in one lawsuit, as they are inherently connected by common facts, evidence, and witnesses.  *Compare Clay v. New Tech Global Venture, L.L.C.*, 2019 WL 1028532, *15 (W.D. La. 2019).

Therefore, the Defendants and claims are properly joined under Rule 20.

### 2.    *Tapscott* and "egregious misjoinder" are inapplicable.

The RJA Defendants claim there has been fraudulent misjoinder.  The Fifth Circuit has held that "[t]here are two bases on which the district court might determine that a plaintiff improperly joined a non-diverse defendant to defeat subject matter jurisdiction: '(1) actual fraud in the plaintiff's pleading of jurisdictional facts, or (2) inability to establish a cause of action.'  *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (quoting *Campbell v. Stone Insurance, Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)).  "Under the second prong, the test 'is whether the

defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.'" *Kling Realty Co., Inc.,* 575 F.3d at 513 (quoting *Smallwood v. Illinois Central Railroad Co.,* 385 F.3d 568, 573 (5th Cir. 2004), cert. den., 544 U.S. 992 (2005)). "This means that there must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Kling Realty Co., Inc.,* 575 F.3d at 513 (quoting *Campbell,* 509 F.3d at 669); *see also Ross v. Citifinancial, Inc.,* 344 F.3d 458, 462 (5th Cir.2003), *cert. den.,* 546 U.S. 813 (2005)). "The burden of persuasion on a party claiming improper joinder is a heavy one." *Id.* at 514 (quoting *Campbell,* 509 F.3d at 669); *see also Ross,* 344 F.3d at 462.

In *Tapscott*, 77 F.3d at 1360, the United States Court of Appeals for the Eleventh Circuit adopted third method to establish fraudulent joinder if a misjoinder is particularly egregious: (1) when a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several, or alternative liability; and (2) the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.[10]

---

[10] "In *Tapscott,* one group of plaintiffs sued a group of non-diverse defendants in state court for fraud arising from the sale of automobile service contracts. In the same lawsuit, another group of plaintiffs sued an entirely separate group of diverse defendants for fraud arising from the sale of service contracts covering retail products. The Eleventh Circuit affirmed the district court's denial of the plaintiffs' motion to remand, stating that the plaintiffs' misjoinder of the two groups of unrelated defendants was 'so egregious as to constitute fraudulent joinder.'" [Citations omitted.] *In re Benjamin Moore & Co.*, 318 F.3d 626, 628-31 (5th Cir. 2002) (discussing but not applying *Tapscott*).

The Fifth Circuit has never applied the third ground for fraudulent joinder discussed in *Tapscott,* but referred to it in one case in *dicta* as the "*Tapscott* principle" and declined to detract from its "force." *See In re Benjamin Moore & Co.*, 318 F.3d at 630 ("[T]he fraudulent misjoinder of plaintiffs should not be allowed to defeat diversity jurisdiction.").

Subsequently, the Fifth Circuit had the opportunity to discuss and adopt *Tapscott*'s holding, but never did so., maintaining instead that there are only two ways to establish improper joinder.  As discussed by the District Court in *Creadeur v. Atlantic Richfield Co.*, 2014 WL 2999261, *5 (W.D. La. 2014):

> [W]hen the Fifth Circuit decided *Smallwood v. Illinois Central Railroad Co.* two years after it decided *Benjamin Moore,* it did not mention *Tapscott*-style "egregious misjoinder."  Instead, it clearly stated that "we have recognized two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  The Fifth Circuit reiterated that statement two years after that, in *Crockett v. R.J. Reynolds Tobacco Co.*   In fact, the Fifth Circuit distinguished *Tapscott*-style "egregious misjoinder" from improper joinder in the *Crockett* decision, stating that:
>> A party, however, can be improperly joined without being fraudulently joined . . . . If these requirements are not met, joinder is improper even if there is no fraud in the pleadings and the plaintiff does have the ability to recover against each of the defendants.

*Creadeur,* 2014 WL 2999261 at *5 (citing *Smallwood*, 385 F.3d at 573) (declining to adopt *Tapscott* "absent clear guidance from the Fifth Circuit or Congressional action")*,* and *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006), cert. den., 548 U.S. 907 (2006)) (stating that, if the requirements for joinder are not met, joinder is improper even if there is no fraud in the pleadings and the plaintiff

could recover against each of the defendants, and comparing *Tapscott* unfavorably).

In *Smallwood*, the Fifth Circuit emphatically stated:

> "The doctrine of improper joinder rests on these statutory underpinnings [28 U.S.C. § 1332, § 1441, § 1359], which entitle a defendant to remove to a federal forum unless an in-state defendant has been "properly joined." Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case."

> Given this focus, we have recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Only the second way is before us today, and we explained in *Travis v. Irby* that [t]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not."

*Smallwood*, 385 F.3d at 573.

The Fifth Circuit appears to have implicitly rejected *Tapscott's* "egregious misjoinder" standard to establish fraudulent joinder.

Therefore, the Court should decline to recognize "egregious misjoinder" as a third type of improper (or fraudulent) joinder. Compare *Creadeur,* 2014 WL 2999261 at *5; *see also Williams v. Homeland Insurance Company of New York,* 2019 WL 3526841, *9 (W.D. La. 2019) (report and recommendation), recommendation adopted, 2019 WL 4145721 (W.D. La. 2019) (following *Creadeur*); *Parker*, 2019 WL 5103811 (not mentioning *Tapscott* or egregious misjoinder); *Le Talley-Ho Construction Co. v. John Deere Construction & Forestry Co.*, 2015 WL 7345754, *4 (W.D. La. 2015);

18

*German Sport Guns GmbH v. Heckler & Koch GmbH*, 2015 WL 1247056 at *3 (M.D. La. 2015) ("Although dicta from the Fifth Circuit's opinion in *In re Benjamin Moore & Co.* has been cited by other district courts to justify applying *Tapscott's* theory of improper misjoinder, this court does not need to resolve the legal issue because ambiguities in the applicable law must be resolved in favor of the non-removing party."); *Lundquist v. J&J Exterminating, Inc.*, 2008 WL 1968339, * 3 (W.D. La. 2008). *But see Akshar 6, L.L.C. v. Travelers Casualty and Surety Co. of America*, 2010 WL 3025018, 3 (W.D. La. 2010) (applying *Tapscott*); *Smith v. Rotorcraft Leasing Co., L.L.C.*, 2007 WL 1385873 (W.D. La. 2007) (stating in *dicta* that *Tapscott* "appears to have been adopted" by the Fifth Circuit); *also Parish of Plaquemines v. Total Petrochemical & Refining USA, Inc.*, 64 F. Supp. 3d 872, 882 (E.D. La. 2014) (stating that "most judges" in the Eastern District of Louisiana "have concluded that the doctrine [of egregious misjoinder] is likely valid in this circuit," then finding the doctrine inapplicable to that case).

Moreover, even if this Court were to apply *Tapscott*, this case likely does not fall within the Eleventh Circuit's description of "egregious misjoinder". The claims against the RJA Defendants have a real connection to the claims against the other Defendants. All claims arise out of the construction and operation of the wood pellet facility in Urania.[11]    The Leibold Defendants raised money to build the facility

---

[11] In the original complaint (ECF No. 1-1 at 1), the Trustee alleges LP owned a solid waste disposal and wood pellet manufacturing facility in Urania, Louisiana. LP leased the manufacturing facility to GPLA as operator. LP was wholly owned by GO Holdings USA, which is wholly owned by GP GmbH. It is believed that GP GmbH is an Austrian foundation with ownership with the Leibold family.

through the sale of bonds through the RJA Defendants.  The Trustee claims the

Leibold Defendants committed fraud in the mismanagement of the facility and

misappropriation of the funds raised through the sale of bonds.  The Trustee further

claims the RJA Defendants knew or should have known that the equity was either

never contributed to GPLA and LP or, if contributed, was quickly withdrawn (since

neither GPLA nor LP had any working capital).  ECF No. 1-1 at 87.[12]  The claims

against the RJA Defendants and the Leibold Defendants are clearly connected.

---

Almost $400 million for construction of the facility was raised through bonds sold to the public by the RJA Defendants.  ECF No. 1-1 at 87.  The Trustee alleges that east of the Limited Offering Memoranda for the five bond issues falsely represented that proceeds from the sale of bonds would be used solely to pay for the construction of the Urania facility and for costs related to the bonds, and that about $72 million in equity had been invested in LP and GPLA. The Trustee alleges both the Leibold Defendants and the RJA Defendant knew that LP and GPLA were certain to fail if the required equity was not contributed and if bond proceeds were diverted.  ECF No. 1-1 at 87.  The Trustee further alleges the Leibold Defendants actively covered up their theft of the money and the RJA Defendants breached their duties under the Louisiana Securities Act by selling bonds on the basis of material misrepresentations and omissions as to the funds invested in LP and GPLA.

[12] The district courts within the Fifth Circuit which have applied the *Tapscott* analysis differ on whether federal or state rules of joinder apply in a *Tapscott* analysis.  *See Le Talley-Ho Construction Co.,* 2015 WL 7345754, *4.  Article 463 states:

> Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
> (1) There is a community of interest between the parties joined;
> (2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
> (3) All of the actions cumulated are mutually consistent and employ the same form of procedure.

A "community of interest is present between different actions or parties, where enough factual overlap is present between the cases to make it commonsensical to litigate them together."  *See Turner v. Murphy Oil USA, Inc.,* 2007 WL 2407310, at *6 (E.D. La. 2007) (quoting *Mauberret-Lavie v. Lavie,* 2003-99 (La. App. 4th Cir. 2003), 850 So.2d 1, 2, writ den., 2003-1989 (La. 2003), 861 So.2d 569).  In *Miller v. Commercial Union Companies,* the Louisiana Court of Appeals held that a plaintiff properly joined different causes of action against different defendants because "[a]lthough the potential liability of the three . . . defendants is based on three separate causes of action, the facts relating to each separate incident and transaction will necessarily be considered in determining the respective liabilities." *Turner,* 2007 WL 2407310, at *6 (quoting *Miller v. Commercial Union Companies,*

Defendants have not carried their burden of proving improper or fraudulent joinder.

### C.    Defendants are not entitled to sever under Rule 21.

As an alternative argument, the RJA Defendants ask the Court to use Fed. R. Civ. P. 21[13] to sever the claims against them in order to create subject diversity jurisdiction.  However, Fed. R. Civ. P. 82, Jurisdiction and Venue Unaffected, states: "These rules do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts."  *See Serigny v. Chevron U.S.A., Inc.*, 2014 WL 6982213 at *5 (W.D. La. 2014) (the court declined to consider a motion to sever claims after finding it lacked subject matter jurisdiction, leaving the issue to be raised in the state court).

In *Creadeur*, 2014 WL 2999261, at *7-*8 , the court declined to apply the *Tapscott*-style egregious misjoinder and addressed the same situation as herein:

> Thus *Crockett* provides a roadmap for how the defendants in this lawsuit might have proceeded.  They could have filed, in the state court proceeding, a motion to sever, or an exception of improper cumulation of claims, or an exception of improper joinder of parties and, then, if successful, they could have attempted to remove any resulting action in which the parties were diverse in citizenship. Instead, they put the cart before the horse, arguing that some of the plaintiffs' claims were "egregiously misjoined" and that the non-diverse defendants' citizenship

---

305 So.2d 560, 562-63 (La. App. 2d Cir. 1974)).  Even if this Court applies the state procedural rule as to joinder, La. C. Civ. P. art. 463,  as argued by Defendants, there is no misjoinder because there is a community of interest between the Defendants (the facts as to their alleged scheme to commit fraud), and the actions are mutually consistent and employ the same form of procedure.  The claims need not be identical.

[13] "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."

should, therefore, be disregarded in determining whether the parties to this lawsuit are diverse."

*See also Williams,* 2019 WL 352641, at \*10-\*11 ("[T]he more acceptable approach would have been for Homeland to file an exception for improper joinder or a motion to sever in the state court proceedings.).

Finally, the RJA Defendants ask the Court to sever the non-diverse party in order to preserve diversity jurisdiction, citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989). In *Newman-Green,* the plaintiff sued several defendants in federal court, alleging diversity. However, one defendant destroyed complete diversity. The federal court afforded the plaintiff an opportunity to dismiss the dispensable non-diverse defendant, and he voluntarily did so. The United States Supreme Court held that Rule 21 permits the Court of Appeals to dismiss a non-diverse, dispensable on motion by the plaintiff.

*Newman-Green* is inapposite because it involved a case that originated in federal court (this case was removed), and a defendant who was voluntarily dismissed by the plaintiff (Plaintiff here opposes dismissal or severance of any parties or claims). Moreover, the RJA Defendants do not ask the Court to follow *Newman-Green* by dismissing a dispensable party in order to perfect jurisdiction; if so, they would have asked the Court to dismiss Hyman only. Rather, they ask the Court to dismiss all Defendants other than themselves, not in order to perfect jurisdiction, but in order to sever their claims and distance themselves from the Leibold Defendants.

Because *Newman-Green* is inapplicable in this instance, Defendants' Motion to Sever (ECF No. 35) should be denied.

This Court should decline to extend the jurisdiction of the Court through severance of parties or claims.

## III.  Conclusion

IT IS RECOMMENDED that Plaintiff's Motion to Remand (ECF No. 20) be GRANTED.

IT IS RECOMMENDED that Defendants' Motion to Sever (ECF No. 35) be DENIED.

IT IS RECOMMENDED that Plaintiff's complaint against GP GmbH be DISMISSED WITHOUT PREJUDICE.

IT IS RECOMMENDED that, in accordance with its terms and after further jurisdictional review, the Court's initial Jurisdictional Review Finding (ECF No. 7) be VACATED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14)

days from the date of its service, or within the time frame authorized by Fed. R. Civ.

P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the

legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana on this

17th day of July 2020.

Joseph H.L. Perez-Montes
United States Magistrate Judge